# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

TRABIS RODRICK BAILEY                                      PLAINTIFF

VS.                                                  CIVIL ACTION: 1:17cv136-RHW

VAN McCLENDON and NAOMI PETTIS                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is [37] the June 1, 2018 motion to dismiss or for summary judgment filed by Defendants Van McClendon and Naomi Pettis in this prisoner civil rights action filed by Plaintiff Trabis Bailey on May 3, 2017. Deputies McClendon and Pettis are employees of the Harrison County Sheriff's Department. Pettis is the Classification/Booking officer at the Harrison County Adult Detention Center (HCADC). The present motion seeks dismissal of the complaint under FED.R.CIV.P. 12 or FED.R.CIV.P. 56 – Deputy McClendon urges Plaintiff Trabis Bailey's complaint fails to state a claim as to him, and both officers contend they are entitled to qualified immunity. Bailey filed no response to the motion. Pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, all parties have consented to the exercise of jurisdiction by the United States Magistrate Judge, and the case was reassigned to the undersigned for all purposes. [34], [35] Exhibits to the Deputies' motion include Bailey's complaint [37-1], his response to a Court order requiring more information [37-2], a September 3, 2017 Gulfport Municipal Court Judgment on Plea [37-3], Deputy Pettis' affidavit with accompanying classification record assessment for Bailey [37-4], and the transcript of the April 11, 2018 *Spears*/omnibus hearing [37-5].

## Facts and Procedural History

The facts are derived from Bailey's pleadings and testimony at the April 2018 hearing and the Deputies' exhibits to their motion. [33] After completing a seven-year prison sentence in February 2014, Bailey lived in New Orleans, where he worked at a sugar factory and

"subcontracting" with the State of Louisiana cutting grass and picking up paper, keeping the highways clean.[1] [37-5, pp. 5-9] On September 2, 2015 between 7:00 a.m. and 7:30 a.m., as he picked up trash along Highway 90 in Louisiana, a snake bit his hand. Bailey stated he killed the snake with the machete he was using to cut weeds, and headed for Memorial Hospital in Gulfport, Mississippi, because he was giving some men a ride to the port in Gulfport. Bailey was driving a school bus - a "work bus" he had taken from the work site.

Deputy Van McClendon stopped Bailey based on a report of erratic driving, and while McClendon was in his car checking out the information Bailey provided, Gulfport Police Officer Christian Oatis arrived, and took charge of the situation,[2] ultimately arresting Bailey. [37-5, pp. 9-15, 56-60] Bailey was subsequently indicted for felony receiving stolen property – the bus had been reported stolen, although Bailey says he bought it from a guy the day before. Bailey was also charged with, and pled guilty to, misdemeanors of providing false information,[3] resisting arrest by flight, and disorderly conduct-fail to comply (with orders of an officer). [37-5, pp. 16, 61-67], [37-3] Bailey admitted all his complaints about Oatis's actions involved the charges of which he now stands convicted by virtue of his guilty pleas. [37-5, pp. 75-76] On May 16, 2018, the Court granted Officer Oatis' motion for summary judgment. [36] Only Bailey's claims against McClendon and Pettis remain.

According to Bailey, by the time McClendon pulled him over, it had already been 30-45 minutes since the snake bit him. When he was arrested, his hand was not bleeding, he just had a puncture, "You couldn't really tell nothing was wrong at the time." [37-5, pp. 25, 69]

---

[1]Bailey later stated he actually got this job through a temp service, not the State. [37-5, p. 27]

[2]Affidavits filed against Bailey indicate the stop occurred at Rich Avenue and West Beach Boulevard in the City of Gulfport. [22-4]

[3]Bailey gave a false name, date of birth and social security number to Oatis. [37-3], [22-3, p. 3]

Following the arrest, Officer Oatis took Bailey to jail. Deputy Naomi Pettis, the HCADC classification/booking officer, met with Bailey at the jail, for the review and execution of his Classification Record/Assessment which among other things, involves providing inmates information on how to request medical treatment. Bailey testified he asked to go to medical but was told the booking officer could not give him medical attention. Pettis's affidavit states she is not responsible for medical treatment of inmates at the jail, and Bailey has presented no evidence to the contrary. Bailey admittedly did not cooperate with Pettis and refused to sign the assessment form. [37-4], [37-5, p. 40]

## Summary Judgment Standard

Since matters outside the pleadings have been presented and considered by the Court, the Deputies' motion is considered as one for summary judgment. Under FED.R.CIV.P. 56., summary judgment is required where there is no genuine dispute as to any material fact and movants are entitled to judgment as a matter of law. A genuine dispute of material fact exists "only where a reasonable jury could look at the evidence and return a verdict for the non-movant." *Johnson et al. v. Thibodeaux City et al.*, No. 17-30088 (5th Cir. April 17, 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). Factual controversies are to be resolved in favor of the non-movant, "but only when ... both parties have submitted evidence of contradictory facts." *Amerson v. Pike Cty., Miss.*, No. 3:09cv53-DPJ-FKB, 2012 WL 968058, at *2 (S.D. Miss. Mar. 21, 2012) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The burden of proof at the summary judgment

stage rests on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

A summary judgment movant must identify those portions of the pleadings and discovery on file and any affidavits he/she believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once movants carry that burden, the non-movant must show summary judgment should not be granted, a burden he cannot meet by resting upon mere allegations or denials. The non-movant must set forth specific facts showing a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). *See also*, *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir.2010). If the party with the burden of proof cannot produce evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). The Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air*, 37 F.3d at 1075. Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Johnson v. Bernstein*, 547 F. App'x 412, 413 (5th Cir. 2013) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

## Discussion

Deputy McClendon first argues Bailey has failed to state a claim against him upon which relief can be granted. According to Bailey's testimony, McClendon was courteous and

professional when he stopped him, and the only reason he sued McClendon is because he turned the matter over to Officer Oatis when he arrived on the scene. Bailey specifically stated McClendon had nothing to do with his medical care complaint. [37-5, pp. 24, 29-30] The Court is of the opinion that the facts alleged do not state a constitutional claim against McClendon, but the Court finds qualified immunity would protect McClendon from suit even if that were not the case. Both McClendon and Pettis have invoked the protection of qualified immunity.

Governmental officers can be sued for damages under § 1983 in their individual capacities, even though the claim may arise out of official responsibilities; however, they "are entitled to assert the defense of qualified immunity for all acts and omissions that occur in the course of their official duties." *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). Qualified immunity protects government officials from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine entitles an officer "not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988) (qualified immunity is "immunity from suit, not simply immunity from liability"). The doctrine of qualified immunity strikes a balance between the need to hold accountable public officials who exercise power irresponsibly, and the need to shield from harassment, distraction and liability those officials who perform their duties reasonably. In considering a qualified immunity claim, the Court must determine (1) "whether the facts alleged, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right" and (2) "whether the right was clearly established – that is, whether 'it would be clear to a reasonable officer that his conduct was

unlawful in the situation he confronted.'" *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)); see also *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). When the allegations fail to establish an officer violated a constitutional right, the officer is entitled to qualified immunity; if the allegations could make out a constitutional violation, the Court must determine whether the right was clearly established, *i.e.*, whether it would be clear to a reasonable officer that his conduct was unlawful in the circumstances then existing. *Price*, 256 F.3d at 369. "Even if an official's conduct violates a constitutional right, [he] is entitled to qualified immunity if the conduct was objectively reasonable." *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992). "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to immunity." *Id.* (citing *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Although qualified immunity is "nominally an affirmative defense," once it is properly raised, the burden is on the Plaintiff to negate the defense. *Poole v. City of Shreveport,* 691 F.3d 624, 627 (5th Cir. 2012). When a governmental official pleads qualified immunity, the Plaintiff must "rebut the ... defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Estate of Davis v. City of North Richland* Hills, 406 F.3d 375, 380 (5th Cir. 2005). The official is not required to demonstrate he did not violate clearly established federal rights. *Id.*; *Salas*, 980 F.2d at 306. Bailey has presented nothing to show he had a right to have Deputy McClendon remain in charge of the stop/arrest which occurred in the Gulfport city limits rather than in the county (where the Sheriff's Department has jurisdiction), thus he fails to state a constitutional violation against McClendon.

Bailey's only complaint against Pettis is that she failed to secure medical attention for him while booking him into the jail following his arrest on September 2, 2015.  To the extent that this is intended to assert a denial of constitutionally adequate medical care, it fails for lack of evidence that Pettis was deliberately indifferent to Bailey's serious medical needs.  An arrestee's claim for denial of medical care is analyzed under the same standard applicable to pretrial detainees.  *See*, *Nerren v. Livingston Police Department*, 86 F.3d 469, 472-73 (5th Cir. 1996).  The arrestee's right to medical care derives from the Fourteenth Amendment.  *Id.*, (citing *Bell v. Wolfish*, 441 U.S. 520, 523 (1979)).  When, as here, "the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference..."  *Gibbs v. Grimmette*, 254 F.3d 545, 548-49 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996)).  Deliberate indifference "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  It is more than mere negligence in failing to supply medical treatment, and requires proof that the officer knew of and deliberately disregarded an excessive risk to the complainant's health.  *Gibbs*, 254 F.3d at 548-49 (citing *Stewart v. Murphy*, 174 F.3d 530-534 (5th Cir. 1999)).  *See also*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Bailey states only that he asked Pettis to go to medical and was told Pettis could not provide medical treatment.  This is insufficient establish deliberate indifference.  To establish a constitutional violation for inadequate medical care, Bailey has the burden of proving: (1) Pettis was aware that Bailey faced a substantial risk of serious bodily harm; and (2) Pettis disregarded that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Thompson v. Upshur County, TX*, 245 F.3d 447, 458-59 (5th Cir. 2001).  The Court finds Pettis's conduct under the circumstances objectively reasonable.  Bailey's own testimony is

that there was no appearance that anything was wrong with him, "You couldn't really tell nothing was wrong at the time." [37-5, pp. 25, 69]  And it is undisputed that Pettis tried to inform Bailey how to get medical care, among other things, but he refused to cooperate with the jail intake process.  The Court is of the opinion that Bailey has neither shown that Pettis violated his constitutional right to medical care, nor negated Pettis's qualified immunity defense.  It is therefore,

**ORDERED AND ADJUDGED**, that [37] the motion for summary judgment filed by Deputies Van McClendon and Naomi Pettis is granted, and Plaintiff's claims against McClendon and Pettis are dismissed.  This ruling renders the motion to dismiss moot.  A separate judgment will be entered.

**SO ORDERED**, this the 9th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE